and we'll now hear the last case for today, United States v. Johnson. Ms. Brin? Good morning, Your Honors. Brenda Brin with the Federal Defender's Office on behalf of Mr. Johnson. After finding that Mr. Johnson was convicted of a covered offense under 404A, the district court ultimately denied him relief, stating, as defendant is already serving a sentence below the bottom of the guideline range of 262 months imprisonment, the court finds that the First Step Act affords no further relief to defendant in this case. In so finding, the court erred as a matter of law. It misunderstood the broad scope of its authority under 404B and C to impose a reduced sentence for an eligible defendant. That authority is not dependent upon or limited by the guideline range in any way, as it would be in a verdict. Ms. Brin? I want to make sure I understand the judge's order here, how you read it and how I read it, and that will help me then kind of frame the analysis. So it seemed to me that the district court rejected some of the arguments by the government. It rejected the argument that your client was a career offender, right? Correct. It rejected the government's argument that he was ineligible because he had received a commutation, right? Correct. And it concluded that his statutory penalties would have been lower under the Fair Sentencing Act, correct? Yes. So at the end of the day, what the court determined, though, was that despite his eligibility, he wasn't going to give your client a reduced sentence, which was within his discretion, right? Your Honor, respectfully, that is not how I read the court's order. The court found that the two arguments put forward by the government for why the defendant would not be eligible were wrong, okay? Neither the fact that he was a career offender or had a commuted sentence precluded him from being eligible. The court found that the statutory penalties, both in terms of imprisonment and supervised release, had been reduced and that, therefore, his offense was covered. However, the court was misled in this case by the probation office, by the government jumping on the bandwagon of the probation memo, by a decision by a district court judge, Judge Leonard and Raz, which the court said it agreed with the court's reasoning in that case. And all of those materials form the context against which the court has to interpret this final sentence. The First Step Act affords no further release to the defendant in this case. The court did not say, in my discretion, I decline to grant any further reduction. Isn't that the only way to make sense of it? I mean, he concluded the statutory penalties were lower, but then he looks at it and he says, look, here's an offender who is serving a sentence still below the bottom of his guideline range, and if my determination under subsection B is to determine how he would be sentenced as if the Fair Sentencing Act were in effect, there's no further relief that's warranted here. Well, Your Honor, respectfully, that's not what the court said. He didn't use the word warranted, and warranted might have been interpreted as a discretionary ruling. I refer you to the many other cases that have come before this court. Many of them have been decided unpublished decisions. Let's look at it this way, Ms. Bryn. Let's take, I grant you, I used the word warranted. Now I'm looking at the transcript, or the order. It affords no further relief. If the point of B, after you know the statutory penalties are lower under the Fair Sentencing Act, if the point of that, though, is to sentence him as if that act were in effect, when he looks at this offender who's serving a sentence below the bottom of the guideline range, he says, that affords him no further relief. That, Your Honor, that, respectfully, again, is a misunderstanding of the court's discretion. The court's discretion is not bound by the guideline range. If the court views the guideline range as mandatory... But it informs the discretion, right? One factor, the guideline range under 3553A, which applies here in the government, has conceded that before this court and every court in the country. The court's discretion has only the limits from the statutory maximum and minimum, and the limits in the First Step Act itself. And in exercising its discretion, the court must consider all of the factors before it under 3553A. One of those factors is the guideline range. But to consider that as the only factor, that's a misreading of the First Step Act. That's an error of law. And I do believe that that is what the district court did by relying on the district court... Let me ask you this, Ms. Brown. Let me ask you this. So let's say we were to send this back to Judge Martinez and we say, here's the proper understanding. And he looks at it and says, oh, I understand that. But the guideline range is important to me. And I don't think he should be given any further relief. Given that, he's already sentencing. He's already serving a sentence below his guideline range. He could do that, right? As long as the court says that the court understands that he's making a discretionary ruling, number one, that he understands the scope of his discretion is to go down to the statutory minimum. In this case, even below the commuted sentence, even below the guideline range, which the government concedes, perhaps not explicitly here, but in other cases, in the Raz Appeal it has conceded that as long as the judge understands his discretion and understands the factors that must inform it and considers those factors, all of the factors in 3553A, and says, well, the most important factor is... You're saying that if the district court says, look, to me, really, what really matters is what does this guideline range look like now, as opposed to the sentence he's actually serving? And he doesn't refer to all the 3553A factors and discuss them all, then we're going to have an appeal from the determination he's not entitled to discretionary release? I am not arguing that at all. Two minutes remaining. Let me just sum up by saying the district court here never mentioned 3553A in his order. He never... Doesn't need to, right? No, he doesn't. And if there's evidence in the record that he considers the factors, then there is not here. Because of what the court said, because of the probation position, because of the government's wrong argument to the court in terms of eligibility, there is nothing that would suggest from this single line at the end that this was a discretionary ruling. The court did not say, if I'm wrong and I can go below the guideline range, I would exercise my discretion not to. There is nothing here. At the very least, this final sentence negates any previous understanding. And I will note that the court did not even say he was eligible. The court said he appeared to be eligible despite the wrong arguments made by the government. At the very least, if it is unclear whether the court was exercising its discretion and really understood the full extent of its discretion, which it does not appear the court did, the court was analyzing this less a 3582C2 case because that's what the government told it to do. It cited... So you're arguing... At heart, you're arguing that this order indicates that the district court likely believed that it was bound by the guideline's determination and did not have discretion to go below that. Is that correct? I believe that that would be a fair reading of this. And if it is unclear what the court meant, then I believe that this decision by the district court needs to be reversed and sent back with clarification that the court, in fact, has the discretion to impose... Okay, Ms. Bryn, I think we understand your point. Would you save some time for rebuttal, Mr. Colon? Thank you. Good morning again. May it please the court, this is Jonathan Colon on behalf of the United States. The order here in the full context, we believe, shows the court did understand its discretion because that's what the government argued at pages 8 and 9 of Docket Entry 115 and Docket Entry 121, page 4. The government opposed relief on discretionary grounds, arguing specifically that if Johnson were deemed eligible, that further reduction was, quote, unwarranted, that was the word, or, quote, inappropriate. And the government-cited grounds were, quote, the repeated nature of the defendant's drug-trafficking activity, the span of his criminal activity, and the involvement of a firearm. This case is different from the one you argued earlier where you were saying that the judge made a legal error. Here you think Judge Martinez understood, yes, I have to-this is an eligible offender. I have the discretion. I'm denying it. Yes, the court clearly made it a finding that he was sentenced for a covered offense. That was what the judge said, and that he appears eligible for relief at pages 9 and 10. The court, as you say, then recalculated the statutory range, recalculated the guideline range, and did exactly what the Fifth Circuit in Hegwood said should be done at the discretionary phase, which is you recalculate only based on what's changed by Section 2 of the Fair Sentencing Act. You don't do any other recalculations of the guideline factors or the offense facts, such as drug amounts. The only thing that is recalculated at this point is you plug in the Section 2. To the extent that that changes anything, the statutory range or the guideline calculation, that's what's done. It's what the court did here at page 10. It recalculated the range, doing what it should do based on what it knew it was allowed to do for covered offenses. And having found this was a covered offense, he went through the proper procedures, whether he cited 3553A by name or not. That's what the government argued in saying that a further reduction here would be unwarranted. And that's what the ruling in context shows the district court did. Do you think that the district court had the discretion to go below the guidelines range if it thought that was appropriate? It did have that discretion, yes. At the discretion, once a defendant is eligible and once the court recalculates the statutory range and the guideline range, then just like any other consideration of the 3553A factors, the court could go under the guideline range. And the government did not argue in the district court that he could not go below the guideline range, right? I don't believe it did. And if it did, I missed it, but what we believe the correct reading of the statute is, is that once the court looks at the 3553A factors, it applies it just like it would in an original sentencing. And here the government specifically argued those kinds of things, the nature of the offense, and the history and characteristics of the defendant. Those are the kinds of factors, including drug amounts, and these drug amounts should not be limited. That's an advisory kind of argument, right? That's an advisory guideline argument, right? Right. When you're looking at the application of the advisory guideline, and you're looking at the consideration of the 3553A, the circumstances of the offense, the circumstances of the offense include what the defendant did, and that's what the court did here. It properly followed its procedure. The use of the word affords is the troubling word here, and the government conceded that in our brief. If this court were to construe that word out of context to indicate that the district court did not think it had the discretion, then it would need to go back for a clarification of the district court's order. We concede that. But when viewed in context of everything that the district court did to get to that sentence, and including what the government argued to the court in saying that if he's deemed eligible, this is why further reduction below the guideline range would be unwarranted, in that context, it is our position that the district court's order shows that it understood its discretion. What about the fact that it says that the First Step Act affords no further relief to the defendant rather than I, in my discretion, believe that no further relief should be afforded to the defendant? Isn't that not the word afford? It's where the judge is locating that authority to afford relief? That is the rub. If the court had said, in exercise of my discretion, the case would be resolved. Of course, one way to make sense of that is if the point of subsection B is to sentence him as if the Fair Sentencing Act were in effect, he looks at it and determines it doesn't change anything. So the First Step Act affords him no relief. Well, but again, at this point, we've already established that his statutory range did change. I know, I know. So he's eligible, which is what the court found on pages 8 and 9, and then now he's looking at B, and he says, I'm sentencing him as if the Fair Sentencing Act were in effect, and he's serving this below-guideline range sentence, the First Step Act affords him no further relief. That makes perfect sense to me, to read it that way. Your Honor, I hate to reject the suggestion, but the government's position is that you have to discuss it. It wouldn't be the first time you've done it, Mr. Colon, with me. Our reading of how this framework works is that once you get past eligibility, the court has discretion, and certainly we would be arguing the court should not exercise its discretion to go below a guideline range. Yeah, but here's the thing. It's recalculated. The discretion is bounded by what you would do as if the Fair Sentencing Act were in effect, right? Yes, and he'd be bound by the statutory range. That's right. And when he looks at that, when he looks at that, he says it affords him no further relief. I look at this, this is a guy who's now serving what would be a below-guideline sentence. There's nothing here to afford him further relief. Your Honor, again, our view is that because he's moved from job B to B1… Is it all bound up into your misreading of A? Is that what all this goes to? Your Honor, our reading is that when you move from B1B to B1C, and that's what clearly is what should happen here, his amount was 10.4 grams, that the range within which this court is bound as if Section 2 applies is the 0 to 20 range of B1C. The guideline calculation then, as we know, it guides in the advisory capacity the court's discretion in where to sentence. And the advisory guideline suggests a range higher than what he's actually serving now because of the commutation. And that is why the government's position is that the court should not go below that guideline. But our reading of how 404A requires an eligibility finding that the statutory range has been modified by Section 2, and then that's guiding. 404A and 404B are read together. I mean, 404B refers to covered cases. 404A defines the covered case. So both of them together are defining a covered case, the eligibility question, as to only that that has been modified by Section 2 of the Fair Sentencing Act. So to the extent that something has not been modified by Section 2 of the Fair Sentencing Act, that the statutory penalties have been modified by Section 2 of the Fair Sentencing Act, then you can't get past eligibility. I'm sorry to interrupt, but to go to I think the heart of the question, at the time of his sentencing, the guidelines had already been rendered advisory by Booker, correct? At the time of his sentencing, yes, I believe so. I'm sorry, I'm just double-checking the date, but I believe that is correct. But the question of the statutory penalties for which have been modified, for which has to be defined to the conduct because the penalties for a violation, you have penalties for a statute. So the statutory penalties for his violation, that is what the for which language means, includes the facts of his case. But once you've established that the statutory penalties for which, you know, for his violation have been modified, which is the case of someone whose amount is 10.4 grams, then you're looking at advisory guidelines. Nothing else has changed. The only things that changed are those that are modified by Section 2. But that's what the court did here. It did it properly. That calculation, all those steps were done properly. And having done all those steps, having recalculated the statutory range and the guideline range, exactly as the Fifth Circuit's Hegwood decision would require, and we urge this court to adopt that same standard, then that ruling, it affords no further relief, can only be understood in that context as referring to having the discretion, having done that. But to the extent that the court did not believe it had any discretion, it's our position that the district court would have to clarify its use of its discretion. Unless there are any further questions, I think the contours of Mr. Johnson's case are clear. Okay, Mr. Cohen. Thank you very much. Your Honor, when we speak about the reduction in statutory penalties, one of the penalties that we all keep forgetting is that not only the term of imprisonment has been modified, but so has the term of supervised release. In saying that because of a commutation in the term of imprisonment, the First Step Act does not afford this defendant any further relief, that is a complete misunderstanding of the scope of the court's discretion, which extends as well to reducing the supervised release term from the eight-year minimum imposed at the original sentence. I mean, from the original term of supervised release, which was eight years previously to six years under 841B1C. There is no evidence. Ma'am, isn't it at least six years under the change? Yes. Okay, at least, hold on, at least six years. So that doesn't command or I guess you're saying it could go down two years, but that doesn't mean that the eight-year term is in violation of the new supervised release. You're just saying he had discretion to drop it two years. And there's no evidence that he was exercising his discretion not to do that. For any reason, the commutation has nothing to do with supervised release. So for many reasons, if you look at everything here that the court said, and you compare it to what the court could have said if it was truly making a discretionary denial, there is really no basis to find that here. The court did not reference the single paragraph of the government's pleading where it said, if the court finds he's eligible, then in the court's discretion, it should deny based on his criminal history or whatever. When the court referenced that- Friend, let me ask you a very practical question. If you're saying that reading this in context, we should not read it the way Mr. Cohen's reading it, I want to make sure I understand then how you thought the district court was reading its authority. If the district court said, look, he's eligible, but the act affords him no further release because he's serving a sentence below the guideline range, do you think that the district court was understanding that the guidelines would be mandatory, that that's the way we have to read it? Or how is it that you're saying he understood his authority? He understood his authority mistakenly as a court would understand its authority in a 3582C2 proceeding because that's how probation and the government pitched this case to the court. They both said that the court had no authority to go below the guideline range. They referred the court to a district court decision by Judge Leonard and Rouse saying that the court has no authority in a First Step Act case to go below the guideline range. This was wrong and the government can see that now. And the court did not make an alternative discretionary ruling, nor did the court say for the reasons the government states, I should exercise my discretion. There is just no indication that the court believed and understood that it could go down to the new statutory minimum term of imprisonment and it could go down to the new statutory minimum term of supervised release. Had the court said that, I understand this is my discretion and for reasons A, B, and C, I am going to exercise it not to do that, I won't go down in supervised release, and I won't go down in imprisonment, we would have a very different case. But that's not the record that you have. And for that reason, at the very least, it is unclear from this record whether the court understood the full extent of its discretion under 404B and C as which there is no limit imposed by the bottom of the guideline range. And for that reason, even if the record is unclear, I think the court needs to reverse and remand with clarification of the scope of discretion and then ask the district court to make a discretionary ruling, a true discretionary ruling. Unless the court has any further questions. Thank you very much, Ms. Bren. We have your case. All of these cases this morning were very well argued. As you all know, our court has scheduled these arguments and they will affect all for this day and they will affect our rulings on these cases, will affect a lot of other cases. So we really appreciate the good work that you've done in helping us make the best decision that we can. We are in recess until tomorrow morning.